IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DYLAN HENDRICKS,  )
    Plaintiff,  )
  )
v.  ) CIVIL ACTION NO. 1:21-00526-CG-N
  )
JEFFERSON S. DUNN,  )
    Defendant.  )

## REPORT AND RECOMMENDATION

Because this case involves "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court must independently "review[ the complaint], before docketing, if feasible or, in any event, as soon as practicable after docketing…" 28 U.S.C. § 1915A(a). On review, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). *See also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (under § 1915A, a "district court may dismiss *sua sponte* a complaint…"). Upon review of the complaint (Doc. 1) under § 1915A, the undersigned finds that the complaint is due to be dismissed in its entirety, but that dismissal should be without prejudice to the Plaintiff's ability to file an amended complaint to plausibly allege certain claims.[1]

---

[1] Under S.D. Ala. CivLR 72(a)(2)(R), the undersigned Magistrate Judge is

## I.    *Analysis*

### A.    Claims against the Named Defendant

The two-count complaint alleges causes of action under 42 U.S.C. § 1983, and requests monetary, declaratory, and injunctive relief. The lone named defendant is the Commissioner for the Alabama Department of Corrections (ADOC), who is being sued "in his official capacity…" (Doc. 1 ¶ 6, PageID.2).[2] "[O]fficial capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity suit is 'a victory against the entity that employs him.'" *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (per curiam) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167-68, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

> The Eleventh Amendment provides sovereign immunity to the states to protect them from suit in federal court without their consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Sovereign immunity has also been extended to state officials, acting in their official capacity, where an agency or individual may "be treated as an arm of the State

---

authorized to "[p]rocess[] and review[] … civil suits filed by state prisoners under 42 U.S.C. § 1983[,]" and can "require responses, issue orders to show cause and any other orders necessary to develop a complete record, and … prepare a report and recommendation to the District Judge as to appropriate disposition of the … claim[.]"

[2] The complaint was filed on December 7, 2021, naming Jefferson S. Dunn as the sole defendant in his official capacity as ADOC Commissioner. Dunn resigned from that position effective December 31, 2021. *See, e.g.*, https://www.alreporter.com/2021/12/07/adoc-commissioner-jeff-dunn-out-at-end-of-year/. John Hamm is now ADOC Commissioner, *see* http://www.doc.state.al.us/Executives;https://www.al.com/news/2021/12/jeff-dunn-chief-of-troubled-alabama-prisons-steps-down-john-hamm-is-new-director.html, and is therefore automatically substituted for Dunn under Federal Rule of Civil Procedure 25(d).

> partaking of the Eleventh Amendment Immunity." *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).
>
> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity or Congress has abrogated the state's immunity. *See Lancaster v. Monroe Cty.*, 116 F.3d 1419, 1429 (1997) *abrogated on other grounds by Lake v. Skelton*, 840 F.3d 1334, 2016 WL 6518522 (11th Cir. November 3, 2016).

*Melton v. Abston*, 841 F.3d 1207, 1233–34 (11th Cir. 2016) (per curiam). Generally, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

"Congress has not abrogated eleventh amendment immunity in section 1983 cases[, and t]he state of Alabama has not waived its immunity … Article 1, section 14 of the Alabama Constitution of 1901 expressly states that 'the State of Alabama shall never be made a defendant in any court of law or equity.' " *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). "Consequently, Alabama state officials are immune from claims brought against them in their <u>official</u> capacities" under § 1983. *Melton*, 841 F.3d at 1234. The official capacity claims against the ADOC Commissioner are "only another way of pleading an action against" ADOC, and "the Supreme Court has held that a suit directly against the Alabama Department of Corrections is barred by the eleventh amendment." *Gramegna v. Johnson*, 846 F.2d 675, 677 (11th Cir. 1988) (citing *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam)). Accordingly, the

Plaintiff's § 1983 claims for monetary relief against the ADOC Commissioner, who is only being sued in his official capacity, are due to be **DISMISSED without prejudice** under § 1915A(b)(2).

"[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief."). *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

> In *Ex parte Young*, the Supreme Court recognized an exception to sovereign immunity in lawsuits against state officials for prospective declaratory or injunctive relief to stop ongoing violations of federal law. 209 U.S. 123, 155–56, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Under the legal fiction established in *Ex Parte Young*, when a state official violates federal law, he is stripped of his official or representative character and no longer immune from suit. *Id.* at 159–60, 28 S. Ct. 441. "An allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction," such that the state officer is not immune from suit. *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281, 117 S. Ct. 2028, 138 L.Ed.2d 438 (1997).

*Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1288 (11th Cir. 2015).

The complaint does not specify whether the Plaintiff is seeking prospective equitable relief, instead only conclusorily demanding "[a]ppropriate declaratory and injunctive relief to remedy the unlawful conduct" in its ending prayer. (Doc. 1 ¶ 38, PageID.8). However, all of the Plaintiff's allegations concern events that have already occurred, and he has failed to allege anything suggesting ongoing violations of federal law that could be remedied by prospective equitable relief. Accordingly,

because the Plaintiff has failed to plausibly allege § 1983 claims suggesting that prospective equitable relief is appropriate, and because the ADOC Commissioner is immune from retrospective equitable relief in his official capacity under the Eleventh Amendment, the Plaintiff's § 1983 claims for equitable relief against the ADOC Commissioner are due to be **DISMISSED without prejudice** under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Thus, the entirety of the complaint is due to be **DISMISSED without prejudice** under § 1915A(b).

### B.     Prospective Defendants

In his complaint, the Plaintiff represents that he "intends to sue currently unknown individual defendants in their individual capacities[,]" claiming he "will seek expedited discovery to identify all potential defendants" and "add more individual defendants…" (Doc. 1, PageID.2). However, because all of the Plaintiff's claims against the lone named defendant are due to be dismissed on the face of the complaint, as explained above, the Plaintiff is not entitled to engage in discovery to identify other potential defendants. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 847 (11th Cir. 2020) (per curiam) (unpublished) ("As to the Diuluses' argument that the district court erred when it granted the motion to dismiss while discovery was ongoing, because their complaint failed to state a claim, they were not entitled to discovery." *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ('Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.').''); *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (per curiam) (unpublished)

("As the Supreme Court has noted ..., 'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rather, discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.' *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (quotation omitted).").[3]

### C. Leave to Amend

Where a more carefully drafted complaint might state a claim, a court may, but is not required to, give a counseled plaintiff a chance to amend before final dismissal of an action. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc); *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Generally, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1). Leave to amend should not be granted, however, if a more carefully drafted complaint could not state a claim. *Woldeab*, 885 F.3d at 1291.

Because the ADOC Commissioner is clearly immune from the Plaintiff's official-capacity claims for monetary and retrospective equitable relief, those claims

---

[3] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The Eleventh Circuit Court of Appeals has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). However, the counseled complaint makes clear that the Plaintiff considers the ADOC Commissioner to be the only current defendant in this action, with any other potential defendants to be added later. Thus, the undersigned will not construe the complaint as asserting claims against any fictitious defendants.

are due to be dismissed without leave to amend. However, because a more carefully drafted complaint might state a claim for prospective declaratory and/or injunctive relief against the ADOC Commissioner, dismissal of those claims should be conditioned on the Plaintiff being granted a reasonable time to file an amended complaint that does so.

## II. *Conclusion & Recommendations*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(R), the undersigned **RECOMMENDS** the following:

1. that the complaint be **DISMISSED without prejudice** under § 1915A(b)(2) to the extent it seeks monetary relief; and

2. that the complaint be **DISMISSED without prejudice** under § 1915A(b)(1) for failure to state a claim upon which relief may be granted to the extent it seeks injunctive and declaratory relief, ***subject to*** the Plaintiff being granted a reasonable time to file and serve an amended complaint that plausibly alleges claims under § 1983 against the Defendant ADOC Commissioner for ongoing violation(s) of federal law, for which prospective declaratory and/or injunctive relief is appropriate.

**DONE** this the 6th day of January 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.